■ BEVERLY WEISE, as Administratrix of the Estate of CHARLES SLATER, Deceased, Appellant, v JEFFREY LAZORE et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered March 14, 1983 in Franklin County, upon a dismissal of the complaint by the court at Trial Term (Shea, J.), at the close of plaintiff's case. On November 11, 1979 at approximately 3:30 A.M., plaintiff's decedent was riding his bicycle in the Town of Westville, Franklin County, on Route 37, an unlit two-lane, essentially level, highway. While in the middle of the southbound lane, he was struck and killed by a 1974 Oldsmobile driven by defendant Jeffrey Lazore and owned by his aunt, defendant Betty Lazore. Although it was not possible to tell precisely which way the bicycle was proceeding prior to the collision, the circumstances suggest that decedent was on his way to his recently acquired job as a farmhand, in which case he would have been headed north. At the time of the occurrence, decedent was wearing dark clothing and there was no illumination on the bicycle. Jeffrey Lazore had borrowed the car from his aunt the evening preceding the accident and driven with two friends John and Brian Jacques, to a local disco where he drank and played pool. At 3:00 A.M., the three had breakfast at a diner in the Village of Malone. While traveling north on Route 37, towards home, Lazore attempted to pass a slow moving vehicle at a point in the road zoned for passing, where the speed limit was 55 miles per hour. At a speed of about 55 to 60 miles per hour, he entered the southbound lane. As he was passing the other car, "a person on a bicycle suddenly loomed up in front of him". He "had no chance to touch the brakes or

anything" and he struck decedent. According to John Jacques, they were in the process of passing the other car when the "bicycle shot out off the edge of the road into [their] lane of traffic". This testimony was substantiated by physical evidence indicating the impact occurred in the center of the southbound lane and by the absence of any skid marks before the impact. Lazore and his two passengers got out of the car, saw decedent and started toward a nearby house to obtain help. Lazore then became hysterical and ran off screaming. Photographs taken by, and testimony elicited from, Melvin Nemier, a senior investigator with the New York State Police Bureau of Criminal Investigation, revealed that the car was badly damaged on the hood and roof, apparently from contact with decedent's body, and that the bicycle was mangled from being dragged beneath the car. Lazore, accompanied by his mother, appeared at the investigator's office about two and one-half hours after the accident and gave his version of the incident which was virtually the same as that given by the Jacques boys. Neither the owner nor the driver of the car being overtaken has ever been identified. There was no evidence that decedent endured any conscious pain or suffering. At issue is the propriety of Trial Term's decision granting defendants' motion at the close of plaintiff's case to dismiss the wrongful death cause of action because plaintiff failed to present any evidence that would justify a jury finding that defendants were negligent, that the sole cause of the accident was the negligence of decedent, and that plaintiff failed to produce evidence that would warrant a jury concluding that decedent's next of kin suffered any pecuniary loss. We affirm. Although we recognize that the degree of proof required to sustain a cause of action for wrongful death is less than that required when an injured plaintiff can himself describe the event (*Cole v Swagler*, 308 NY 325, 329; 21 Carmody-Wait 2d, NY Prac, § 130:78, pp 771-773), evidence that Jeffrey Lazore was negligent is lacking in this case. There is no evidence that he did not wait to pass, as he was obliged to, until he had first made sure the southbound lane was free and clear of oncoming traffic. Furthermore, the only eyewitness testimony bearing on the happening of the accident itself was that of Lazore and John Jacques, and both agreed that there was no time to avoid hitting decedent. In addition, there is ample evidence that decedent himself was negligent. He was wearing dark clothing at night, traveling on a bicycle that had no lighting equipment and was in the southbound lane of the traveled portion of an unlighted highway which had wide shoulders suitable for bike riding. Not only should the bicycle have been equipped with lights or reflectors, it also should have been operated on the right side of the road or on the usable right-hand shoulder thereof (Vehicle and Traffic Law, §§ 1231, 1234, subd [a]; § 1236, subds [a], [e]). Since we find that defendants were not negligent and decedent was wholly negligent, the issue of whether plaintiff's next of kin sustained any pecuniary loss need not be confronted. Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.