▄▄▄ CATHERINE GREEN, as Administratrix of the Estate of ROBERT GREEN, SR., Also Known as ROBERT L. GREEN, SR., Deceased, Respondent, v STEPHANIE MOWER et al., Appellants. [755 NYS2d 162] —Appeal from an order of Supreme Court, Herkimer County, (Daley, J.), entered February 20, 2002, which denied defendants' motion seeking summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motion is granted and the complaint is dismissed.

Memorandum: Supreme Court erred in denying defendants' motion seeking summary judgment dismissing the complaint. Defendants established that, at 3:00 A.M., plaintiff's decedent was wearing dark clothing and riding a bicycle without illumination when he entered the roadway from a bicycle path and struck a vehicle driven by David Mower (defendant). Plaintiff's decedent subsequently died from the injuries he sustained. At the time of the accident, defendant was traveling five miles per hour while turning left into the parking lot of his employer, and defendant felt the impact of plaintiff's decedent as he struck the vehicle on the front quarter panel and windshield of the passenger side. The record establishes that the bicycle path is located in a wooded area northeast of the accident site and adjacent to a chain link fence blocking the roadway past the entrance to the parking lot. Thus, there is no on-coming vehicular traffic.

Although "the degree of proof required to sustain a cause of action for wrongful death is less than that required when an injured [person] can himself describe the event * * *, evidence that [defendant] was negligent is lacking" (*Weise v Lazore,* 99 AD2d 919, 920, *lv denied* 62 NY2d 606). Plaintiff's decedent was obligated to yield the right of way to defendant (*see* Vehicle and Traffic Law § 1143), and we conclude that defendants established as a matter of law that his failure to do so was the sole proximate cause of the accident (*see Matt v Tricil [N.Y.],* 260 AD2d 811, 812; *Namisnak v Martin,* 244 AD2d 258, 259-260; *Spells v Lewis,* 197 AD2d 888, 889). The fact that defendant did not activate his turn signal and thereby violated Vehicle and Traffic Law § 1163 (*see generally Matt,* 260 AD2d at 812) or that he "glanced" to the left while turning and therefore did not see plaintiff's decedent (*cf. McGraw v Ranieri,* 202 AD2d 725, 727-728) does not compel a different result.

All concur except Green, J.P., and Gorski, J., who dissent and vote to affirm in the following memorandum.

Green, J.P., and Gorski, J. (dissenting). We respectfully dissent. In our view, plaintiff raised a triable issue of fact whether the failure of plaintiff's decedent to yield the right of way was the sole proximate cause of his injuries. It is undisputed that David Mower (defendant) failed to activate his left turn signal in violation of Vehicle and Traffic Law § 1163, and in our view that turn signal may have alerted plaintiff's decedent so he could have avoided the accident (*see Hamby v Bonventre,* 36 AD2d 648). In addition, although defendant alleges that he did not see plaintiff's decedent before the accident, it is undisputed that the accident occurred near a street light, and thus plaintiff raised an issue of fact whether defendant should have seen plaintiff's decedent. Failure to see a bicycle despite an unobstructed view of it may constitute negligence (*see Pedersen v Balzan,* 117 AD2d 933, 934), and here there is a triable issue of fact whether defendant was negligent, rendering summary judgment inappropriate. Present—Green, J.P., Wisner, Scudder, Kehoe and Gorski, JJ.