■ RICHARD ROSENBERG, Respondent, v VLADIMIR KOTSEK et al., Appellants. [837 NYS2d 343]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated November 29, 2006,

as denied that branch of their motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment is granted.

The plaintiff commenced this action to recover damages for personal injuries arising from a motor vehicle accident during which the front of his bicycle came into contact with the driver's side of the defendants' automobile at an intersection.

In support of that branch of their motion which was for summary judgment dismissing the complaint, the defendants established their prima facie entitlement to summary judgment by tendering evidence demonstrating that the plaintiff was negligent as a matter of law in failing to yield the right of way at the intersection (*see* Vehicle and Traffic Law § 1140; *Odumbo v Perera*, 27 AD3d 709 [2006]; *Willis v Fink*, 7 AD3d 519, 520 [2004]) and in failing to see the automobile which by proper use of his senses he should have seen (*see Breslin v Rudden*, 291 AD2d 471 [2002]; *Botero v Erraez*, 289 AD2d 274 [2001]). Moreover, the defendant Vladimir Kotsek, who had the right of way, was entitled to anticipate that the plaintiff would obey traffic laws requiring him to yield (*see Rossani v Rana*, 8 AD3d 548 [2004]; *Lupowitz v Fogarty*, 295 AD2d 576 [2002]).

In opposition, the plaintiff's affidavit was insufficient to raise a triable issue of fact because it contradicted his earlier deposition testimony and was clearly designed to avoid the consequences of his earlier admissions (*see Mestric v Martinez Cleaning Co.*, 306 AD2d 449 [2003]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]). Accordingly, the Supreme Court erred in denying that branch of the defendants' motion which was for summary judgment dismissing the complaint. Schmidt, J.P., Rivera, Angiolillo and Balkin, JJ., concur.