■ GRACE D'AVILAR, Appellant, v CEREBRAL PALSY ASSOCIATIONS OF NEW YORK STATE, Respondent. [880 NYS2d 515]—

In an action to recover damages for employment discrimination based on disability in violation of Administrative Code of City of NY § 8-107, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), dated October 23, 2007, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff, who was employed by the defendant as a direct care aide to its severely disabled clients, was injured as the result of a crime. When she was ready to return to work, she was unable to lift more than 10 pounds with her right arm, and she advised the defendant that she required a "reasonable accommodation" in order to perform her job. The defendant, insisting that an essential prerequisite for a direct care aide was the ability to lift considerably more than 10 pounds, informed her that there could be no reasonable accommodation in that position for her disability, and refused to allow her to return as a direct care aide. The plaintiff insisted that that position was the only position for which she was qualified.

The plaintiff subsequently commenced this action, alleging that the defendant discriminated against her in employment on the basis of disability, in violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-107). After discovery was completed, the defendant moved for summary judgment dismissing the complaint. In support of the motion, the defendants submitted, inter alia, portions of an application the plaintiff had submitted for Social Security Disability Insurance (hereinafter SSDI) benefits. In that application, the plaintiff swore that she was unable to perform the tasks of a direct care aide because, among other things, she was unable to lift more than 10 pounds and was unable to sit, stand, or walk for extended periods. In her response to the defendant's motion, the plaintiff submitted an affidavit, but did not address the numerous additional disabilities she had detailed in her SSDI application.

The Supreme Court found, inter alia, that the plaintiff failed to raise a triable issue of fact regarding whether she could perform the essential functions of a direct care aide given the additional disabilities she had listed in the SSDI benefits application, and her failure to propose any reasonable accommodations for those additional disabilities. We affirm.

The defendant established its prima facie entitlement to judgment as a matter of law based on the plaintiff's application for SSDI benefits, in which the plaintiff averred that she could not perform the job of a direct care aide at all. The affidavit submitted by the plaintiff in opposition to the motion failed to raise a triable issue of fact, as it contradicted her earlier admissions on her SSDI application and was clearly designed to avoid the consequences of those admissions (*see Payne v 100 Motor Parkway Assoc., LLC*, 45 AD3d 550, 554 [2007]; *Rosenberg v Kotsek*, 41 AD3d 573, 574 [2007]; *Abramov v Miral Corp.*, 24 AD3d 397, 398 [2005]). Skelos, J.P., Fisher, Belen and Lott, JJ., concur.