■ JOHN THORESZ, Respondent, v SALVATORE VALLONE, Also Known as VINCENZA VALLONE, Appellant. [894 NYS2d 769]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Diamond, J.), dated July 23, 2009, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured while riding a bicycle when he entered an intersection after stopping at a stop sign and collided with a motor vehicle driven by the defendant. The defendant's entrance into the intersection was not controlled by a stop sign or any other traffic control signal or device. Further, the defendant was proceeding at a speed of approximately 10 to 15 miles per hour.

A person riding a bicycle on a roadway is subject to all of the duties applicable to the driver of a vehicle (see Vehicle and Traffic Law § 1231). The defendant made a prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff failed to obey the directives contained in Vehicle and Traffic Law § 1142 (a) and § 1172 (a) when he proceeded into the intersection and failed to yield the right-of-way to the defendant's vehicle (see Desouki v Keeler, 62 AD3d 934 [2009]; Trzepacz v Jara, 11 AD3d 531 [2004]). Moreover, the defendant,

who had the right-of-way, was entitled to anticipate that the plaintiff would obey the traffic laws requiring him to yield (*see Rosenberg v Kotsek*, 41 AD3d 573 [2007]; *Trzepacz v Jara*, 11 AD3d 531 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.