# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1391**
**CA 11-01194**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

TAMMY FINNEGAN, PLAINTIFF-APPELLANT,

V                                           MEMORANDUM AND ORDER

THE PETER, SR. & MARY L. LIBERATORE
FAMILY LIMITED PARTNERSHIP, PETER A.
LIBERATORE, PETER LIBERATORE, SR.,
LINCOLN SQUARE, LINCOLN SQUARE
APARTMENTS AND JOHN DOE, WHOSE IDENTITY
IS PRESENTLY UNKNOWN, DEFENDANTS-RESPONDENTS.

---

CELLINO & BARNES, P.C., BUFFALO (MICHAEL J. COOPER OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

COHEN & LOMBARDO, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (John M.
Curran, J.), entered December 10, 2010 in a personal injury action.
The order denied the motion of plaintiff for judgment notwithstanding
the verdict.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for
injuries she sustained when she fell while exiting her townhouse at
defendants' apartment complex.  A trial was conducted, following which
the jury found that defendants were negligent in their maintenance of
the premises but that such negligence was not a substantial factor in
bringing about plaintiff's injuries.

Contrary to plaintiff's contention, Supreme Court properly denied
her motion seeking judgment notwithstanding the verdict or, in the
alternative, to set aside the verdict as inconsistent and therefore
against the weight of the evidence, which relief would result in a new
trial (*see* CPLR 4404 [a]).  A jury verdict finding that a defendant
was negligent but that such negligence was not a proximate cause of
the plaintiff's injury is not inherently inconsistent (*see Waild v
Boulos* [appeal No. 2], 2 AD3d 1284, 1285, *lv denied* 2 NY3d 703; *Rubin
v Pecoraro*, 141 AD2d 525, 526).  Rather, it is only "where a jury's
findings with regard to negligence and proximate cause are
irreconcilably inconsistent [that] the judgment cannot stand"
(*Pimpinella v McSwegan*, 213 AD2d 232, 233).  Stated differently,

findings that a defendant was negligent but that the defendant's negligence was not a proximate cause of the plaintiff's injuries are irreconcilably inconsistent when those issues are "so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Rubin*, 141 AD2d at 527; *see Johnson v Schrader* [appeal No. 2], 299 AD2d 815, 816).  Here, defendants presented evidence establishing several explanations concerning how the accident could have occurred, all of which were unrelated to the defect in the sidewalk curb that allegedly caused plaintiff to fall.  We thus conclude that the evidence on the issue of causation does not so preponderate in favor of plaintiff that the verdict could not have been reached on any fair interpretation of the evidence and that the verdict therefore is not against the weight of the evidence (*see Villani v Beamer*, 11 AD3d 918, 919; *Skowronski v Mordino*, 4 AD3d 782, 782-783).

Finally, we reject plaintiff's contention that the court erred in denying her motion in limine seeking to preclude defendants from offering evidence of certain entries in a log book concerning plaintiff's report of her fall and injury.  A trial court has broad discretion in supervising the discovery process, and its determinations will not be disturbed absent an abuse of that discretion (*see United Airlines v Ogden N.Y. Servs.*, 305 AD2d 239, 240; *see also Davis v Eddy Cohoes Rehabilitation Ctr.*, 307 AD2d 637; CPLR 2004, 3126).  Inasmuch as plaintiff was afforded ample opportunity to conduct discovery prior to trial, including being afforded the opportunity to depose defendants' employee who witnessed her oral report of her fall before it was reduced to writing, we cannot agree that the court abused it discretion in denying her motion in limine.  Under the circumstances, we conclude that plaintiff failed to establish in support of her motion either prejudice or a willful failure to disclose the evidence in question (*see Harrington v Palmer Mobile Homes, Inc.*, 71 AD3d 1274, 1275; *Mead v Dr. Rajadhyax' Dental Group*, 34 AD3d 1139, 1140).  Moreover, we note in any event that defendants did not in fact offer into evidence the log book page containing plaintiff's report of her fall.

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court