# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**165**

**CA 11-01764**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, GORSKI, AND MARTOCHE, JJ.

---

BELINDA MUHAMMAD, INDIVIDUALLY AND AS MOTHER AND
NATURAL GUARDIAN OF ASALAH ABDUL-MAALIX, AN
INFANT, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

JOHN K. FITZPATRICK, M.D., CATHOLIC HEALTH
SYSTEMS, SISTERS OF CHARITY FAMILY HEALTH CENTER
AND SISTERS OF CHARITY HOSPITAL OF BUFFALO,
DEFENDANTS-APPELLANTS.

---

DAMON MOREY LLP, BUFFALO (MICHAEL J. WILLETT OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

LAW OFFICES OF JOSEPH M. LICHTENSTEIN, P.C., MINEOLA (JOSEPH M.
LICHTENSTEIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered February 15, 2011 in a medical malpractice action. The order, among other things, granted plaintiff's motion to preclude.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice action seeking damages for injuries sustained by her infant daughter while plaintiff was giving birth to her. Defendants appeal from an order granting plaintiff's pretrial motion to preclude defendants' experts from testifying with respect to the defense theory that the injuries sustained by plaintiff's daughter were caused by the birthing process, and thus were unrelated to any action by defendants. We conclude on the record before us that Supreme Court did not abuse its discretion in granting plaintiff's motion.

Initially, we note that "it is axiomatic that a pretrial order which limits the legal theories of liability to be tried will constitute an appealable order . . . [but] an order which merely limits the admissibility of evidence, even when made in advance of trial on motion papers, constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (*Strait v Arnot Ogden Med. Ctr.*, 246 AD2d 12, 14 [internal quotation marks omitted]). Here, we conclude that the order in question is "[a]n order deciding . . . a motion [that] clearly involves the merits of

the controversy . . . and affects a substantial right . . . and thus is appealable" (*Rondout Elec. v Dover Union Free School Dist.*, 304 AD2d 808, 811; *see Matter of City of New York v Mobil Oil Corp.*, 12 AD3d 77, 80-81).

Based on the record before us, we conclude that the court did not abuse its discretion in precluding the testimony pursuant to *Frye v United States* (293 F 1013). We agree with plaintiff that defendants' theory that the claimed injuries to her daughter were sustained as the result of the birthing process was a novel theory subject to a *Frye* analysis, and that defendants failed to rebut plaintiff's showing that their theory was not generally accepted within the relevant medical community.

Furthermore, even assuming, arguendo, that the evidence was admissible under the *Frye* test, we conclude that the court did not err in precluding evidence of defendants' theory on the ground that it lacked an adequate foundation for its admissibility. "The *Frye* inquiry is separate and distinct from the admissibility question applied to all evidence—whether there is a proper foundation—to determine whether the accepted methods were appropriately employed in a particular case" (*Parker v Mobil Oil Corp.*, 7 NY3d 434, 447, *rearg denied* 8 NY3d 828). Contrary to defendants' contention, *Parker*'s applicability is not confined to toxic tort cases (*see Lugo v New York City Health & Hosps. Corp.*, 89 AD3d 42, 62; *Rowe v Fisher*, 82 AD3d 490, 491). Therefore, the opinion of defendants' experts on causation should set forth the "exposure [of plaintiff's daughter] to a [harmful in utero event], that the [event] is capable of causing the particular [injury] (general causation) and that plaintiff['s daughter] was exposed to [a sufficiently harmful event] to cause the [injury] (specific causation)" (*Parker*, 7 NY3d at 448). Even if it can be said that defendants established that plaintiff's daughter was exposed to a harmful event unrelated to their actions with respect to her birth, we conclude that the court properly determined that defendants failed to meet both the specific causation and general causation prongs of the test set forth in *Parker* and thus that the court properly refused to admit the testimony at issue.

Entered: January 31, 2012                    Frances E. Cafarell
                                             Clerk of the Court