# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1192**
**CA 14-00541**
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

NATHAN MCLEOD, PLAINTIFF-APPELLANT,

V                                               MEMORANDUM AND ORDER

MARK J. TACCONE, DEFENDANT-RESPONDENT.

---

CELLINO & BARNES, P.C., ROCHESTER (SAREER A. FAZILI OF COUNSEL), FOR PLAINTIFF-APPELLANT.

HAGELIN KENT LLC, BUFFALO (BENJAMIN R. WOLF OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered May 25, 2013.  The order, insofar as appealed from, granted in part the motion of defendant for partial summary judgment and denied the cross motion of plaintiff to preclude testimony by a nonparty witness.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for injuries he sustained when his bicycle collided with a motor vehicle driven by defendant.  The accident occurred while plaintiff was attempting to cross a four-lane road from a side street controlled by a stop sign.

Supreme Court properly granted defendant's motion for partial summary judgment on the issue of plaintiff's negligence.  It is well established that, with certain exceptions not relevant here, "a person riding a bicycle on a roadway is entitled to all of the rights and bears all of the responsibilities of a driver of a motor vehicle" (*Palma v Sherman*, 55 AD3d 891, 891; *see* Vehicle and Traffic Law § 1231), and that "an unexcused violation of the Vehicle and Traffic Law . . . constitutes negligence per se" (*Long v Niagara Frontier Transp. Auth.*, 81 AD3d 1391, 1392; *see Koziol v Wright*, 26 AD3d 793, 794; *Holleman v Miner*, 267 AD2d 867, 868-869).  We conclude that defendant met his initial burden of establishing that plaintiff was negligent as a matter of law, and that plaintiff failed to raise a triable issue of fact (*see Trzepacz v Jara*, 11 AD3d 531, 531; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Defendant established that plaintiff violated Vehicle and Traffic Law § 1142 (a) by "proceed[ing] into an intersection controlled by a stop sign and fail[ing] to yield the right of way to [defendant's] approaching vehicle" (*Trzepacz*, 11

AD3d at 531; *see Hyatt v Messana*, 67 AD3d 1400, 1401).  Moreover, the accident occurred at night while plaintiff was wearing dark clothing, and he was operating his bicycle without lights or sufficient reflectors in violation of Vehicle and Traffic Law § 1236 (*see Green v Mower*, 302 AD2d 1005, 1005, *affd* 100 NY2d 529; *Weise v Lazore*, 99 AD2d 919, 920, *lv denied* 62 NY2d 606; *Ortiz v Kinoshita & Co.*, 30 AD2d 334, 335).

We further conclude that the court did not abuse its discretion in denying plaintiff's cross motion to preclude testimony by a nonparty witness (*see Charter Sch. for Applied Tech. v Board of Educ. for City Sch. Dist. of City of Buffalo*, 105 AD3d 1460, 1464; *Andruszewski v Cantello*, 247 AD2d 876, 876-877).  "The penalty of preclusion is extreme and should be imposed only when the failure to comply with a disclosure [demand] is the result of willful, deliberate, and contumacious conduct" (*Gendusa v Yu Lin Chen*, 71 AD3d 1085, 1086; *see Maillard v Maillard*, 243 AD2d 448, 449; *Malcolm v Darling*, 233 AD2d 425, 426), or when the moving party is prejudiced by the late disclosure (*see Finnegan v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership*, 90 AD3d 1676, 1677; *Koziarz v New York City Tr. Auth.*, 40 AD3d 412, 413; *Tronolone v Praxair, Inc.*, 39 AD3d 1146, 1147).  Here, plaintiff failed to establish in support of his cross motion either a willful failure to disclose the existence of the nonparty witness or prejudice (*see Finnegan*, 90 AD3d at 1677; *see also Wall v Shepard*, 53 AD3d 1050, 1051).  The delay in disclosing the witness was the result of an oversight rather than bad faith on the part of defendant, and plaintiff was afforded the opportunity to depose the witness (*see Finnegan*, 90 AD3d at 1677; *Gendusa*, 71 AD3d at 1086).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court