Ambrose v Brown (2019 NY Slip Op 01968)





Ambrose v Brown


2019 NY Slip Op 01968


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, CURRAN, AND TROUTMAN, JJ.


1137 CA 18-00782

[*1]DENISE AMBROSE AND DAVID AMBROSE, INDIVIDUALLY, AND AS PARENTS AND NATURAL GUARDIANS OF MADELEINE AMBROSE, AN INFANT, PLAINTIFFS-APPELLANTS,
v
JAMES E. BROWN, JR., M.D., ET AL., DEFENDANTS, SUCHITRA KAVETY, M.D., JANE FIELDS, C.N.M., INDIVIDUALLY AND AS OFFICERS, AGENTS AND/OR EMPLOYEES OF ASSOCIATES FOR WOMEN'S MEDICINE, AND ASSOCIATES FOR WOMEN'S MEDICINE, BY AND THROUGH ITS OFFICERS, AGENTS AND/OR EMPLOYEES, DEFENDANTS-RESPONDENTS. 






BOTTAR LAW, PLLC, SYRACUSE (SAMANTHA C. RIGGI OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
FAGER AMSLER KELLER & SCHOPPMANN, LLP, LATHAM (NANCY E. MAY-SKINNER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered June 15, 2017. The order denied the motion of plaintiffs to set aside the verdict and for a new trial. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs, individually and on behalf of their infant daughter, commenced this medical malpractice action against, inter alia, Suchitra Kavety, M.D., Jane Fields, C.N.M., and Associates for Women's Medicine (collectively, defendants), seeking damages for injuries allegedly sustained by the child during labor and delivery. Following a trial, the jury returned a verdict in favor of defendants, and plaintiffs made an immediate oral motion for a mistrial based on substantial juror confusion, which was granted by Supreme Court (Hafner, A.J.). Defendants thereafter made a posttrial motion pursuant to, inter alia, CPLR 2221 and 4404 (a), seeking leave to reargue their opposition to the mistrial motion and/or an order reversing the court's decision, reinstating the verdict, and directing that judgment be entered in their favor. Plaintiffs opposed the motion, again arguing that there was substantial juror confusion, but did not raise any other ground for setting aside the verdict. The court denied the motion, but on defendants' appeal we reversed the order, granted defendants' motion, and reinstated the verdict (Ambrose v Brown, 142 AD3d 1312, 1313 [4th Dept 2016]). After our decision, plaintiffs made a posttrial motion pursuant to CPLR 4404 (a) to set aside the verdict in the interest of justice, raising various alleged trial errors (November 2016 motion). Supreme Court (Gilbert, J.) denied the November 2016 motion, and we now affirm.
Plaintiffs' November 2016 motion was properly denied because it was untimely (see Gropper v St. Luke's Hosp. Ctr., 255 AD2d 123, 123 [1st Dept 1998]). Pursuant to CPLR 4405, a posttrial motion to set aside a jury verdict shall be made within 15 days after the jury renders its verdict or is discharged. Here, however, plaintiffs' November 2016 motion was made almost two years after the jury rendered its verdict and was discharged. Moreover, plaintiffs' November 2016 motion was in violation of CPLR 4406, which provides that, "[i]n addition to motions [*2]made orally immediately after decision, verdict or discharge of the jury, there shall be only one motion under this article with respect to any decision by a court, or to a verdict on issues triable as of right by a jury; and each party shall raise by the motion or by demand under rule 2215 every ground for post-trial relief then available to [the party]." Under that provision, plaintiffs, in opposition to defendants' posttrial motion, were required to "raise . . . every ground" supporting the new trial granted by the court as a result of their oral mistrial motion, including the issues that we previously found were not properly before us and are now advanced again before this Court (id.; see 2d Preliminary Rep of Advisory Comm on Prac and Pro, 1958 NY Legis Doc No. 13 at 315-316; see generally Siegel, NY Prac § 405 at 710-711 [5th ed 2011]). They failed to do so, and we agree with the court that plaintiffs' November 2016 motion was in violation of the single motion rule of CPLR 4406 (see generally Trimarco v Data Treasury Corp., 146 AD3d 1008, 1009 [2d Dept 2017]).
In any event, we further conclude that the court properly denied plaintiffs' November 2016 motion on the merits. Contrary to plaintiffs' contention, the trial court (Hafner, A.J.) did not abuse its discretion in denying their application to preclude testimony of defendants' expert on the ground that defendants failed to disclose that the expert was board certified in neonatology in addition to child neurology and pediatrics (see McLeod v Taccone, 122 AD3d 1410, 1411-1412 [4th Dept 2014]). There was no intentional or willful failure to disclose by defendants and no showing of prejudice by plaintiffs (see Sisemore v Leffler, 125 AD3d 1374, 1375 [4th Dept 2015]; McLeod, 122 AD3d at 1411-1412). We further conclude that the trial court did not abuse its discretion in allowing defendants to set forth a defense that the injuries sustained by the child could have occurred during the birthing process (cf. Muhammad v Fitzpatrick, 91 AD3d 1353, 1354 [4th Dept 2012]). Plaintiffs waived their contention that there should have been a Frye hearing, and we reject their contention that defendants failed to lay the proper foundation for their defense under Parker v Mobil Oil Corp. (7 NY3d 434, 447-448 [2006], rearg denied 8 NY3d 828 [2007]). Unlike in Muhammad, defendants here met both the specific and general causation prongs of the Parker test (see id. at 448; Muhammad, 91 AD3d at 1354).
We reject plaintiffs' further contention that the trial court abused its discretion in not allowing one of the plaintiffs to testify to a statement allegedly made by a physician during the labor and delivery. That statement was hearsay, and the court properly determined that it did not qualify as an excited utterance (see Tyrrell v Wal-Mart Stores, 97 NY2d 650, 652 [2001]). Plaintiffs' further contention that the present sense impression exception applied is not preserved for our review. We have reviewed plaintiffs' remaining contentions and conclude that they are without merit.
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court