Harris v Rome Mem. Hosp. (2023 NY Slip Op 04273)

Harris v Rome Mem. Hosp.

2023 NY Slip Op 04273

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., BANNISTER, MONTOUR, AND GREENWOOD, JJ.

479 CA 22-01505

[*1]EMMETT HARRIS, PLAINTIFF-RESPONDENT,
v
ROME MEMORIAL HOSPITAL, ET AL., DEFENDANTS, JOHN ELLIS, M.D., INDIVIDUALLY AND AS AN AGENT, OFFICER AND/OR EMPLOYEE OF ROME MEDICAL RADIOLOGY, DOING BUSINESS AS RADIOLOGY ASSOCIATES OF NEW HARTFORD, LLP, RADIOLOGY ASSOCIATES OF NEW HARTFORD, LLP, THOMAS K. WEIDMAN, M.D., INDIVIDUALLY AND AS AN AGENT, OFFICER AND/OR EMPLOYEE OF UPSTATE UNIVERSITY HOSPITAL AND/OR UPSTATE EMERGENCY MEDICINE, INC., AND UPSTATE EMERGENCY MEDICINE, INC., DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 

SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY J. SCHOONMAKER OF COUNSEL), FOR DEFENDANTS-APPELLANTS THOMAS K. WEIDMAN, M.D., AND UPSTATE EMERGENCY MEDICINE, INC.
MARTIN, GANOTIS, BROWN, MOULD & CURRIE, P.C., DEWITT (CAYLEY M. YOUNG OF COUNSEL), FOR DEFENDANTS-APPELLANTS JOHN ELLIS, M.D. AND RADIOLOGY ASSOCIATES OF NEW HARTFORD, LLP. 
 

 Appeals from an order of the Supreme Court, Oneida County (Scott J. DelConte, J.), entered September 21, 2022. The order granted plaintiff's motion insofar as it sought to preclude defendants from presenting evidence or eliciting testimony at trial relating to the negligence of nonparty providers affiliated with Upstate University Hospital and from listing those providers on the verdict sheet. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the motion insofar as it sought to preclude defendants from presenting evidence or eliciting testimony at trial relating to the negligence of the nonparty providers affiliated with Upstate University Hospital and from listing those providers on the verdict sheet is denied.
Memorandum: Plaintiff, who had presented and received care at defendant Rome Memorial Hospital (RMH) and nonparty Upstate University Hospital (Upstate), subsequently commenced this medical malpractice action seeking damages for injuries allegedly sustained as a result of defendants' negligence in timely diagnosing and treating plaintiff's spinal infection with epidural abscesses that ultimately rendered him quadriplegic. In appeal No. 1, defendants John Ellis, M.D., individually and as an agent, officer and/or employee of Rome Medical Radiology, doing business as Radiology Associates of New Hartford, LLP (Ellis), and Radiology Associates of New Hartford, LLP (collectively, RANH defendants), as well as defendants Thomas K. Weidman, M.D., individually and as an agent, officer and/or employee of Upstate and/or Upstate Emergency Medicine, Inc., and Upstate Emergency Medicine, Inc. (collectively, UEM defendants), appeal from an order that granted plaintiff's motion to preclude certain evidence insofar as it sought to preclude defendants from presenting evidence or eliciting testimony at trial relating to the negligence of certain nonparty medical providers affiliated with Upstate and from [*2]listing those providers on the verdict sheet. Supreme Court reserved decision with respect to all other issues presented by plaintiff's motion. In appeal No. 2, RMH, the UEM defendants, and the RANH defendants appeal from an order that granted another motion of plaintiff to strike certain bills or supplemental bills of particulars—including those of RMH, the UEM defendants, and Ellis—each of which had sought, post-note of issue, to particularize the asserted affirmative defense pursuant to CPLR article 16. The order in appeal No. 2 also granted that motion insofar as it sought to preclude certain defendants from offering evidence or arguing at the time of trial that the nonparty providers caused or contributed to plaintiff's injuries and from listing the nonparty providers on the verdict sheet. In appeal No. 3, the UEM defendants appeal from an order that denied their motion seeking an order compelling plaintiff to accept their bill of particulars and directing that the nonparty providers be included on the verdict sheet. In appeal No. 4, RMH appeals from an order that denied its cross-motion seeking an order compelling plaintiff to accept its supplemental bill of particulars. In appeal No. 5, the RANH defendants appeal from an order that denied their motion seeking an order compelling plaintiff to accept their bill of particulars. In appeal No. 6, defendant Michele Lisi, M.D., individually and as an agent, officer and/or employee of Upstate and/or Upstate Emergency Medicine, Inc., appeals from an order that denied her motion seeking, inter alia, an order compelling plaintiff to accept her supplemental bill of particulars. In appeal No. 7, defendant Emergency Physician Services of New York, P.C. (EPS), appeals from an order that denied its cross-motion to include the nonparty providers on the verdict sheet and denied its separate cross-motion to compel plaintiff to accept its supplemental bill of particulars.
Preliminarily, we agree with RMH, the UEM defendants, and the RANH defendants that the pretrial orders in appeal Nos. 1 and 2 are appealable as of right. "Generally, an order ruling [on a motion in limine], even when made in advance of trial on motion papers constitutes, at best, an advisory opinion which is neither appealable as of right nor by permission" (Dischiavi v Calli, 125 AD3d 1435, 1436 [4th Dept 2015] [internal quotation marks omitted]; see Scalp & Blade v Advest, Inc., 309 AD2d 219, 223 [4th Dept 2003]). There is, however, "a distinction between an order that 'limits the admissibility of evidence,' which is not appealable . . . , and one that 'limits the legal theories of liability to be tried' or the scope of the issues at trial, which is appealable" (Scalp & Blade, 309 AD2d at 224; see Dischiavi, 125 AD3d at 1436). Here, the orders in appeal Nos. 1 and 2 limited the theories of liability to be tried or the scope of issues at trial because they precluded defendants from presenting evidence, eliciting testimony, or arguing during trial in support of their affirmative defenses pursuant to CPLR article 16 that the negligence of the nonparty providers caused or contributed to plaintiff's injuries (see Dischiavi, 125 AD3d at 1436; Muhammad v Fitzpatrick, 91 AD3d 1353, 1353-1354 [4th Dept 2012]). Those orders, which decided motions made upon notice, are thus appealable as of right inasmuch as they "involve[ ] some part of the merits" (CPLR 5701 [a] [2] [iv]) and "affect[ ] a substantial right" (CPLR 5701 [a] [2] [v]; see Johnson v Guthrie Med. Group, P.C., 125 AD3d 1445, 1446 [4th Dept 2015]; Muhammad, 91 AD3d at 1353-1354).
On the merits, we conclude that, contrary to the court's determination in appeal Nos. 1 and 2, defendants are entitled to assert their CPLR article 16 defenses regarding the nonparty providers. "As provided in CPLR 1601 (1), a defendant may raise the CPLR article 16 defense regarding a nonparty tortfeasor, provided that the plaintiff could obtain jurisdiction over that party" (Mancuso v Kaleida Health, 172 AD3d 1931, 1934 [4th Dept 2019], affd 34 NY3d 1020 [2019]). Here, defendants are entitled to raise their pleaded affirmative defenses pursuant to CPLR article 16 (see generally Ryan v Beavers, 170 AD2d 1045, 1045-1046 [4th Dept 1991]) because plaintiff could have sought to maintain an action against the nonparty providers in Supreme Court (see Morell v Balasubramanian, 70 NY2d 297, 301 [1987]).
The crux of the issue on appeal is whether defendants were required, in response to plaintiff's demands for bills of particulars, to particularize the pleaded CPLR article 16 defense, and thus whether the court properly precluded them from asserting that defense at trial when they did not timely particularize that defense. We conclude that no such particularization was required under the circumstances of this case, and thus that the court erred in precluding defendants from asserting the CPLR article 16 defense at trial. In each of plaintiff's demands to defendants, he requested that each defendant "[s]pecifically set forth [d]efendant's basis for claiming that the injuries and damages sustained by [p]laintiff were not caused by [d]efendant herein." Noticeably absent from each demand, however, was any reference to the CPLR article 16 defenses pleaded as affirmative defenses by defendants. In fact, the demand could be [*3]interpreted as improperly soliciting an expert opinion from each defendant on the issue of causation, which was the basis for at least one of defendants' objections (see generally Sonnenberg Gardens v Eldredge, Fox & Porretti, LLP, 52 AD3d 1211, 1212 [4th Dept 2008]). More importantly, unlike other demands for bills of particulars that seek particularization of an CPLR article 16 defense, plaintiff's demands here are not specific at all in that regard (cf. Helton v Hirschman, 17 AD3d 987, 988 [4th Dept 2005]; Ryan, 170 AD2d at 1045-1046). Contrary to plaintiff's assertion, none of his other demands were sufficient to apprise defendants that he was seeking information pertaining to their CPLR article 16 defenses.
Consequently, we conclude that defendants had no obligation to particularize their CPLR article 16 defenses, and thus the court erred in appeal No. 1 by granting plaintiff's motion insofar as it sought to preclude defendants from presenting evidence or eliciting testimony at trial relating to the negligence of the nonparty providers and from listing those providers on the verdict sheet. We therefore reverse the order in appeal No. 1. In appeal No. 2, we conclude that the court erred in granting plaintiff's motion insofar as it sought to preclude certain defendants from offering evidence or arguing at the time of trial that the nonparty providers caused or contributed to plaintiff's injuries and from listing the nonparty providers on the verdict sheet, and we therefore modify the order in appeal No. 2 accordingly. We note that, although only the UEM defendants and the RANH defendants appeal in appeal No. 1 and only those defendants and RMH appeal in appeal No. 2, "this is one of those cases where relief to . . . nonappealing part[ies] is appropriate" (Hofmann v Town of Ashford, 60 AD3d 1498, 1499 [4th Dept 2009] [internal quotation marks omitted]; see generally Hecht v City of New York, 60 NY2d 57, 61-62 [1983]).
In light of our determination that defendants are entitled under the circumstances of this case to assert their CPLR article 16 defenses regardless of whether they particularized those defenses in bills of particulars, the issue raised in appeal No. 2 regarding plaintiff's motion insofar as it sought to strike RMH's supplemental bill of particulars, the UEM defendants' bill of particulars, and Ellis's bill of particulars, and the issues raised in appeal Nos. 3 and 7 regarding the motion and cross-motion insofar as they sought to compel plaintiff to accept such bills of particulars, have been rendered moot (see generally Wagner v Waterman Estates, LLC, 128 AD3d 1504, 1505, 1507 [4th Dept 2015]; Matter of Elniski v Niagara Falls Coach Lines, Inc., 101 AD3d 1722, 1723 [4th Dept 2012]; Khoury v Chouchani, 27 AD3d 1071, 1073 [4th Dept 2006]). We therefore dismiss the appeals from the orders in appeal Nos. 2, 3 and 7 to that extent. In light of our determination, we likewise dismiss the appeals from the orders in appeal Nos. 4 through 6.
Moreover, even assuming, arguendo, that both the UEM defendants and EPS seek affirmative relief in appeal Nos. 3 and 7, respectively, i.e., an order directing that the nonparty providers be included in the verdict sheet, we conclude that such relief would be premature (see generally Strait v Ogden Med. Ctr., 246 AD2d 12, 14 [3d Dept 1998]).
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court