Collet v Ortiz (2025 NY Slip Op 05789)

Collet v Ortiz

2025 NY Slip Op 05789

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-08048
 (Index No. 515876/23)

[*1]Christopher R. Collet, appellant, 
v
Derek A. Ortiz, et al., respondents.

Law Offices of Tarasov & Associates, P.C., Brooklyn, NY (James Landau of counsel), for appellant.
Billelo, Zapantis, Garner and Puglisi, Westbury, NY (Andres J. Camacho of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Rupert V. Barry, J.), dated March 13, 2024. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained when his vehicle collided with a vehicle operated by the defendant Derek A. Ortiz (hereinafter the defendant driver) and owned by the defendant Anthony Ortiz at or near a four-way intersection. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff's negligent operation of his vehicle was the sole proximate cause of the accident. In an order dated March 13, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (see Qureshi v Gleason, 231 AD3d 878, 879; Pearson v Dix McBride, LLC, 63 AD3d 895). "'There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause'" (Blake v Francis, 205 AD3d 671, 672 [internal quotation marks omitted], quoting Tornabene v Seickel, 186 AD3d 645, 646). A vehicle with the right-of-way is entitled to anticipate that others will obey the traffic laws (see Thoresz v Vallone, 70 AD3d 1031, 1031-1032; Palma v Sherman, 55 AD3d 891, 892; Rosenberg v Kotsek, 41 AD3d 573, 574). Moreover, "a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield cannot be comparatively negligent for failing to avoid the collision" (Silva v Rabbani, 227 AD3d 1026, 1027-1028 [internal quotation marks omitted]; see Higgins v Stelmach, 208 AD3d 1165, 1166).
Here, in support of their motion, the defendants submitted, inter alia, a certified police accident report, an affidavit of the defendant driver, and videos from cameras installed on their [*2]vehicle. The evidence showed that the defendant driver was attempting to make a left turn when the driver's side of the vehicle that he was operating was struck by the plaintiff's vehicle, described in the certified police accident report as an "e-bike," which was attempting to pass the defendants' vehicle on the left within the same lane of travel as the defendants' vehicle. Under the circumstances of this case, the defendants' submissions established, prima facie, that the plaintiff's negligence was the sole proximate cause of the accident (see Vehicle and Traffic Law § 1252[b]; Rosenberg v Kotsek, 41 AD3d at 574; see also Green v Mower, 302 AD2d 1005, 1005, affd 100 NY2d 529; Prysock v Metropolitan Transp. Auth., 251 AD2d 308, 309). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant driver was at fault in the happening of the accident (see Thoresz v Vallone, 70 AD3d at 1031-1032; Green v Mower, 302 AD2d at 1005).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
IANNACCI, J.P., CHAMBERS, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court