■ CHRISTOPHER PALMA et al., Respondents, v MARSHA L. SHERMAN et al., Appellants. [867 NYS2d 111]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Baisley, J.), dated April 7, 2008, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff Christopher Palma, when 15 years old, allegedly was injured when a bicycle he was riding came into contact with a vehicle owned by the defendant Marsha Sherman and driven by the defendant Jillian Sherman. The contact occurred near the front passenger-side headlight. Christopher's father, the plaintiff Richard Palma, commenced this action on behalf of his infant child and individually to recover damages for personal injuries. The Supreme Court denied the defendants' motion for summary judgment dismissing the complaint. We reverse.

With few exceptions not relevant in this case, a person riding a bicycle on a roadway is entitled to all of the rights and bears all of the responsibilities of a driver of a motor vehicle (*see* Vehicle and Traffic Law § 1231; *Rosenberg v Kotsek,* 41 AD3d 573 [2007]; *Redcross v State of New York,* 241 AD2d 787 [1997]). In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road. A bicyclist is required to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for vehicles, and to avoid placing himself or herself in a dangerous position (*see* Vehicle and Traffic Law § 1146; *Rosenberg v Kotsek,* 41 AD3d 573 [2007]; *Trzepacz v Jara,* 11 AD3d 531 [2004]; *Redcross v State of New York,* 241 AD2d 787 [1997]; PJI 2:76A). Each is required to obey the statutes governing traffic and is entitled to assume that the other also will do so (*see Rosenberg v Kotsek,* 41 AD3d 573

[2007]; *Trzepacz v Jara,* 11 AD3d 531 [2004]; *Redcross v State of New York,* 241 AD2d 787 [1997]; PJI 2:76A). Here, the defendants demonstrated their prima facie entitlement to judgment as a matter of law by establishing that the contact occurred when Christopher attempted to enter the parking lot in violation of Jillian Sherman's right of way, at a speed too great for the conditions, while the vehicle was stopped and waiting to exit the parking lot, and that the contact occurred in such a manner that Jillian Sherman was unable to either warn Christopher or avoid the contact. In opposition, the plaintiffs failed to raise a triable issue of fact. The defendants' vehicle merely furnished the occasion or condition for the happening of the accident (*see Ely v Pierce,* 302 AD2d 489 [2003]). Thus, the defendants' motion for summary judgment dismissing the complaint should have been granted. Santucci, J.P., Dillon, Dickerson and Chambers, JJ., concur.