Felix v Polakoff (2019 NY Slip Op 09100)





Felix v Polakoff


2019 NY Slip Op 09100


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Richter, J.P., Manzanet-Daniels, Webber, Gesmer, JJ.


10565 23870/17E

[*1] Olangy Felix, Plaintiff-Respondent,
v
Yosef Polakoff, Defendant-Appellant.


Russo & Tambasco, Melville (Jill Dabrowski of counsel), for appellant.
Bongiorno & Associates, P.C., Mineola (Christopher G. Conway of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered October 18, 2018, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
The undisputed facts are that on August 26, 2016, at about 6:30 p.m., defendant was driving eastbound on West 186th Street, Bronx County, a two-way street, toward its intersection with Bennett Avenue, a one-way street for southbound traffic. Plaintiff was riding a bicycle on Bennett Avenue, and as he entered the intersection of West 186th and Bennett Avenue, he collided with the passenger side of defendant's vehicle. Neither party disputes that defendant's direction of travel was governed by a yield sign, and that plaintiff was bicycling the wrong way on Bennett Avenue at the time of the accident.
Plaintiff conceded that although Bennett Avenue went southbound only, he was riding north on Bennett Avenue. Plaintiff stated that he was traveling at about 14 miles per hour and slowed down somewhat to check upcoming traffic, but did not stop before entering the intersection.
Plaintiff stated that he looked to his right and to his left as his bicycle entered the intersection. As he was entering the intersection, he saw that defendant's vehicle was one or two seconds away and was coming into the intersection on his left from 186th Street. According to plaintiff, he did not stop nor did he do anything to let defendant know that he was there.
Defendant stated that he looked northbound on Bennett Avenue for oncoming traffic before entering the intersection, but he did not remember looking southbound, i.e., the opposite direction of traffic, before the accident. As he proceeded through the intersection, a bicycle traveling northbound on Bennett Avenue crashed into his "two passenger side doors," although he did not see the impact.
Surveillance video shows defendant's vehicle traveling toward the crosswalk on West 186th Street as plaintiff rides his bicycle on Bennett Avenue toward its intersection with West 186th Street. It appears that defendant tapped his brakes before entering the intersection and was increasing his speed when the accident happened. It does not appear that plaintiff reduced his speed before entering the intersection and crashing his bicycle into the middle of defendant's vehicle on the passenger side. The video also does not show any pedestrians in or near the crosswalk as testified to by plaintiff.
In denying defendant's motion for summary judgment, the motion court acknowledged that it was clear that plaintiff was negligent, but found there were issues of fact as to whether defendant failed to see what was there to be seen through the proper use of his senses. We find that defendant established his prima facie entitlement to summary judgment.
Pursuant to Vehicle and Traffic Law § 1231, a person riding a bicycle on a roadway has the same rights and responsibilities as a driver of a motor vehicle. Therefore, a bicyclist is required to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for [*2]vehicles, and to avoid placing himself or herself into a dangerous position (see Laracuente v Ruiz, 304 AD2d 478, 479 [1st Dept 2003]; accord Palma v Sherman, 55 AD3d 891, 891 [2d Dept 2008]; Trzepacz v Jara, 11 AD3d 531 [2d Dept 2004]).
Vehicle and Traffic Law § 1142(b) states that a "driver of a vehicle approaching a yield sign shall . . . slow down to a speed reasonable for existing conditions, or shall stop if necessary," and "yield the right of way . . . to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard during the time such driver is moving across or within the intersection." In addition, Vehicle and Traffic Law § 1146(a) requires motorists to "exercise due care to avoid colliding with any bicyclist, pedestrian, or domestic animal" on the roadway and to "give warning by sounding the horn when necessary."
The undisputed testimony was that plaintiff was traveling in the opposite direction of traffic, in clear violation of Vehicle and Traffic Law § 1231, and traveled into the intersection without stopping or yielding to defendant's vehicle which was clearly already in the intersection. Admittedly, plaintiff made no attempt to stop, or to alert defendant of his presence. Although a driver of a motor vehicle has a duty to see what is there to be seen, defendant was not required to look in the opposite direction of the intersecting one-way street to see if someone was traveling in the wrong direction and at a speed indicating no intent to stop.
All concur except Gesmer, J. who dissents in a memorandum as follows:




GESMER, J. (dissenting)


Because plaintiff raised triable issues of fact, I dissent. Although defendant testified that he was traveling between 15 and 20 miles per hour when plaintiff's bicycle struck his passenger-side doors, plaintiff and a nonparty witness averred in their affidavits that defendant's vehicle was traveling between 35 and 40 miles an hour before the accident, which was in excess of the speed limit. These conflicting versions of the accident raise triable issues as to whether defendant failed to use reasonable care to avoid the collision. Furthermore, I disagree that the surveillance video shows indisputably that defendant tapped his brakes before entering the intersection. In any event, the surveillance footage of the accident does not establish as a matter of law that defendant exercised reasonable care before entering the intersection.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK