Sanders v Sangemino (2020 NY Slip Op 03682)





Sanders v Sangemino


2020 NY Slip Op 03682


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2019-10623
 (Index No. 619131/17)

[*1]Gregory Sanders, appellant,
v
Anthony J. Sangemino, et al., respondents.


Brand Brand Nomberg & Rosenbaum, LLP, New York, NY (Brett J. Nomberg of counsel), for appellant.
Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick and Karen Saab-Dominguez of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 4, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On March 17, 2016, the plaintiff allegedly was injured when the bicycle he was riding came into contact with the defendants' tractor-trailer at the intersection of Albany Avenue and Mill Street in Amityville. According to the plaintiff, his bicycle came into contact with the rear passenger tire of the cab portion of the tractor-trailer within the crosswalk on Mill Street. The defendant driver testified at his deposition that he had substantially completed making a turn from Albany Avenue onto Mill Street when the impact occurred to the rear passenger tire of the trailer portion of the tractor-trailer.
The plaintiff commenced this action against the defendants and then moved for summary judgment on the issue of liability, contending that the defendant driver was negligent in the operation of his vehicle. The Supreme Court denied the motion, finding that triable issues of fact existed as to the plaintiff's comparative negligence. The plaintiff appeals. We affirm, albeit on a ground different from that relied upon by the court.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325; see Yong Dong Liu v Lowe, 173 AD3d 946; Marks v Rieckhoff, 172 AD3d 847, 848).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a [*2]matter of law on the issue of liability. In support of his motion, the plaintiff submitted, inter alia, the deposition testimony of the parties, which presented conflicting evidence as to how the accident occurred. In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving parties (see Stukas v Streiter, 83 AD3d 18, 22). Additionally, "[a] motion for summary judgment should not be granted where the facts are in dispute, where conflicting inferences may be drawn from the evidence, or where there are issues of credibility'" (Ruiz v Griffin, 71 AD3d 1112, 1115, quoting Scott v Long Is. Power Auth., 294 AD2d 348, 348; see Qi-Wen Pan v Lall, 174 AD3d 930, 931). Under the circumstances, the plaintiff failed to eliminate triable issues of fact as to whether the defendant driver was negligent and, if so, whether any such negligence caused or contributed to the accident (see Tejada v Cedeno, 173 AD3d 808, 809; Merino v Tessel, 166 AD3d 760, 760-761; Grant v Carrasco, 165 AD3d 631, 632; see also Faulknor v Gina's Trucking, Inc., 158 AD3d 667, 668). Since the plaintiff failed to meet his initial burden as the movant, the burden never shifted to the defendants to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the issue of liability.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court