Dominguez v Algieri (2022 NY Slip Op 05021)

Dominguez v Algieri

2022 NY Slip Op 05021

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-07191
 (Index No. 618458/17)

[*1]Omar Dominguez, appellant, 
v
Victoria L. Algieri, et al., respondents.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated August 26, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff bicyclist allegedly sustained personal injuries when, as he was making a left turn from Horseblock Road onto Granny Road, his bicycle was struck by a motor vehicle owned by the defendant Victoria L. Algieri and operated by the defendant Steven Algieri (hereinafter Steven). Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the defendants' motion. The plaintiff appeals.
"With few exceptions not relevant in this case, a person riding a bicycle on a roadway is entitled to all of the rights and bears all of the responsibilities of a driver of a motor vehicle" (Palma v Sherman, 55 AD3d 891, 891; see Vehicle and Traffic Law § 1231). "In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road. A bicyclist is required to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for vehicles, and to avoid placing himself or herself in a dangerous position" (Palma v Sherman, 55 AD3d at 891; see Flores v Rubenstein, 175 AD3d 1490, 1491). "Each is required to obey the statutes governing traffic and is entitled to assume that the other also will do so" (Palma v Sherman, 55 AD3d at 891).
"Pursuant to Vehicle and Traffic Law § 1141, [t]he operator of a vehicle [or bicycle] intending to turn left within an intersection must yield the right-of-way to any oncoming vehicle that is within the intersection or so close to it as to constitute an immediate hazard" (Sapienza v Harrison, 191 AD3d 1028, 1029 [internal quotation marks omitted]; see Ming-Fai Jon v Wager, 165 AD3d 1253, 1253-1254; Attl v Spetler, 137 AD3d 1176). A violation of this statute constitutes negligence per se (see Sapienza v Harrison, 191 AD3d at 1030; Ming-Fai Jon v Wager, 165 AD3d at 1254).
The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law (see Sapienza v Harrison, 191 AD3d at 1030; Gobin v Delgado, 142 AD3d 1134, 1136; Arias v Tiao, 123 AD3d 857, 858). "Although a driver with a right-of-way also has a duty to use reasonable care to avoid a collision, . . . a driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively [at fault] for failing to avoid the collision" (Yu Mei Liu v Weihong Liu, 163 AD3d 611, 612 [internal quotation marks omitted]; Figueroa v Diaz, 107 AD3d 754, 755).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint. They demonstrated, through Steven's deposition testimony, that the plaintiff violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of the defendants' vehicle, and that this violation was the sole proximate cause of the accident, as Steven testified that he only had approximately one second to respond to avoid the collision (see Yu Mei Liu v Weihong Liu, 163 AD3d at 612-613; Lebron v Mensah, 161 AD3d 972, 974; Attl v Spetler, 137 AD3d 1176).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, there is no triable issue of fact regarding whether the defendants' vehicle faced a red light. Both the plaintiff and Steven testified at their depositions that they each faced a steady green light while proceeding in opposite directions on Horseblock Road toward the intersection with Granny Road.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
BARROS, J.P., BRATHWAITE NELSON, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court