Sturm v Chaudhary (2022 NY Slip Op 06512)

Sturm v Chaudhary

2022 NY Slip Op 06512

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-01415
 (Index No. 503809/18)

[*1]Marc E. Sturm, appellant, 
v
Mohammad A. Chaudhary, appellant.

Vaccaro & White, LLP, New York, NY (Adam D. White and Steve Vaccaro of counsel), for appellant.
The Cashman Law Firm, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ingrid Joseph, J.), dated December 11, 2019. The judgment, upon a jury verdict, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when, while riding a bicycle, he was involved in a collision with a motor vehicle operated by the defendant. The plaintiff contends on appeal that the Supreme Court's charge to the jury pursuant to PJI 2:76A that he, as a cyclist, had a duty to avoid placing himself in a dangerous position had no basis in common or statutory law. This contention is without merit.
Pursuant to Vehicle and Traffic Law § 1231, a person riding a bicycle upon a roadway shall be granted all of the rights and shall be subject to all of the duties applicable to the driver of a vehicle. A bicyclist is required to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for vehicles, and to avoid placing himself or herself into a dangerous position (see Felix v Polakoff, 178 AD3d 561; Flores v Rubenstein, 175 AD3d 1490; Palma v Sherman, 55 AD3d 891). Contrary to the plaintiff's contention, the Supreme Court's charge was consistent with case law and the Vehicle and Traffic Law, and was not inherently exculpatory of the defendant.
The plaintiff's remaining contentions are without merit.
DILLON, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court