Bornsztejn v Zito (2023 NY Slip Op 05706)

Bornsztejn v Zito

2023 NY Slip Op 05706

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-01265
 (Index No. 30627/20)

[*1]Victor Bornsztejn, et al., appellants, 
v
Jolaine Zito, et al., respondents, et al., defendant.

Vaccaro & White, New York, NY (Steve Vaccaro of counsel), for appellants.
Abamont & Associates, Garden City, NY (Evan B. Cohen of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Rolf Thorsen, J.), dated December 20, 2021. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability against the defendants Jolaine Zito and Vincent Zito and, in effect, dismissing those defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the plaintiffs' motion which were for summary judgment on the issue of liability against the defendants Jolaine Zito and Vincent Zito, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff Victor Bornsztejn (hereinafter the injured plaintiff) allegedly was injured when the bicycle he was riding collided with a vehicle operated by the defendant Jolaine Zito and owned by the defendant Vincent Zito (hereinafter together the Zitos). The injured plaintiff, and his wife suing derivatively, commenced this action against the Zitos, among others, to recover damages for personal injuries allegedly sustained by the injured plaintiff. The plaintiffs moved, inter alia, for summary judgment on the issue of liability and, in effect, dismissing the defendants' affirmative defenses alleging comparative negligence. In an order dated December 20, 2021, the Supreme Court, among other things, denied those branches of the plaintiffs' motion which were for summary judgment on the issue of liability against the Zitos and, in effect, dismissing the Zitos' affirmative defenses alleging comparative negligence. The plaintiffs appeal.
A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries (see Rodriguez v City of New York, 31 NY3d 312; Marangoudakis v Suniar, 208 AD3d 1233, 1235). On a motion for summary judgment on the issue of a defendant's liability, a plaintiff is no longer required to show freedom from comparative negligence to establish his or her prima facie entitlement to judgment as a matter of law (see Rodriguez v City of New York, 31 NY3d at 324-325; Jackson v Klein, 203 AD3d [*2]1147, 1148). Although a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability (see Rodriguez v City of New York, 31 NY3d at 324-325; Jackson v Klein, 203 AD3d at 1148; Sanders v Sangemino, 185 AD3d 617, 618), the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence (see Sapienza v Harrison, 191 AD3d 1028, 1029; Flores v Rubenstein, 175 AD3d 1490, 1491). "In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road. A bicyclist is required to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for vehicles, and to avoid placing himself or herself in a dangerous position" (Palma v Sherman, 55 AD3d 891, 891; see Dominguez v Algieri, 208 AD3d 753, 754).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability against the Zitos. In support of their motion, the plaintiffs submitted, inter alia, the transcripts of the deposition testimony of the injured plaintiff and Jolaine Zito, as well as a video of the incident captured by a nearby store's surveillance camera. The video demonstrated that Jolaine Zito failed to see what was there to be seen and made a left turn without yielding the right-of-way to the injured plaintiff, when the turn could not be made with reasonable safety, and that Jolaine Zito's negligence was a proximate cause of the accident (see Ming-Fai Jon v Wager, 165 AD3d 1253, 1254; Sirlin v Schreib, 117 AD3d 819). In opposition, the Zitos failed to raise a triable issue of fact as to whether Jolaine Zito had a nonnegligent explanation for the vehicle that she was driving colliding with the injured plaintiff's bicycle.
The plaintiffs, however, failed to establish, prima facie, that the injured plaintiff was not comparatively at fault in the happening of the accident. There can be more than one proximate cause of an accident, and generally, it is for the trier of fact to determine the issue of proximate cause (see Blake v Francis, 205 AD3d 671, 672; Tornabene v Seickel, 186 AD3d 645, 646). Based upon the evidence presented by the plaintiffs in support of their motion, triable issues of fact exist as to whether the injured plaintiff was negligent in failing to keep a proper lookout, whether he should have slowed down earlier given the traffic conditions, and whether he contributed to the happening of the accident (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court