Amancio-Gonzalez v Medina (2024 NY Slip Op 00400)

Amancio-Gonzalez v Medina

2024 NY Slip Op 00400

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-10427
 (Index No. 515219/21)

[*1]Zeferino Amancio-Gonzalez, respondent, 
v
Franklin Medina, et al., appellants.

Baker, McEvoy & Moskovits (Marjorie E. Bornes, Brooklyn, NY, of counsel), for appellants.
Buitrago & Associates, PLLC, New York, NY (Marcelo A. Buitrago of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated June 6, 2022. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a bicycle he was riding collided with a vehicle operated by the defendant Franklin Medina and owned by the defendant FV Limo, Inc., at or near the intersection of Throop Avenue and Myrtle Avenue in Brooklyn. The plaintiff moved for summary judgment on the issue of liability. In an order dated June 6, 2022, the Supreme Court granted the plaintiff's motion, and the defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312). A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case (see Rodriguez v City of New York, 31 NY3d at 312; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d at 1034).
"With few exceptions not relevant in this case, a person riding a bicycle on a roadway is entitled to all of the rights and bears all of the responsibilities of a driver of a motor vehicle" (Palma v Sherman, 55 AD3d 891, 891; see Vehicle and Traffic Law § 1231). "A bicyclist is required to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for vehicles, and to avoid placing himself or herself into a dangerous position" (Palma v Sherman, 55 AD3d at 891; see Sturm v Chaudhary, 210 AD3d 927). "In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable [*2]care to avoid colliding with anyone on the road" (Palma v Sherman, 55 AD3d at 891; see Vehicle and Traffic Law § 1146).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability. In support of his motion, the plaintiff submitted, inter alia, his affidavit, which demonstrated that Medina was negligent in attempting to make a left turn at the intersection when the turn could not be made with reasonable safety (see Vehicle and Traffic Law § 1141; Kirby v Davis, 208 AD3d 1171, 1173). In opposition, however, the defendants raised triable issues of fact through the submission of Medina's affidavit. Medina averred that he waited until traffic was clear before turning left with his left-turn indicator activated and a green traffic light in his favor. According to Medina, as he was making the turn, he observed a cyclist traveling west on Myrtle Avenue at a high rate of speed. Medina averred that he immediately brought his vehicle to a stop, but the cyclist was unable to stop due to his speed and collided with Medina's vehicle. Medina's affidavit was sufficient to raise triable issues of fact as to how the accident occurred and whether Medina was negligent in the happening of the accident (see Brodney v Picinic, 172 AD3d 673, 674).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court