Dieubon v Moore (2024 NY Slip Op 03881)

Dieubon v Moore

2024 NY Slip Op 03881

Decided on July 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-02264
 (Index No. 519799/18)

[*1]James Edouard Dieubon, appellant, 
v
Sethia L. Moore, respondent.

William Pager, Brooklyn, NY, for appellant.
Cheven, Keely & Hatzis (Thomas Torto, New York, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated January 26, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In October 2018, the plaintiff commenced this action to recover damages for personal injuries he alleged he sustained two months earlier in Brooklyn when a vehicle owned and operated by the defendant collided with a bicycle the plaintiff was operating. In February 2022, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence. The defendant opposed the motion. By order dated January 26, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries. A plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case" (Shanyou Liu v Joerg, 223 AD3d 762, 763 [citations and internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312, 317-325). However, "the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where, as here, the plaintiff moved for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence" (Frankel v Jaroslawicz, 225 AD3d 742, 743). Moreover, "[a] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Ali v Alam, 223 AD3d 642, 644 [alterations and internal quotation marks omitted]). As relevant to this appeal, Vehicle and Traffic Law § 1211(a) provides that a "driver of a vehicle shall not back the same unless such movement can be made with safety and without interfering with other traffic" (see Shanyou Liu v Joerg, 223 AD3d at 763; Pena v Santana, 5 AD3d 649, 650).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability (see Singh v Bisnath, 187 AD3d 814, 815; Portalatin v City of New York, 165 AD3d 1302, 1302-1303). In an affidavit submitted in support of his motion, the plaintiff averred that he was approaching the defendant's double-parked vehicle from behind when it "suddenly and unexpectedly reversed" while the defendant was attempting to parallel park, resulting in the collision. The plaintiff therefore demonstrated that the defendant reversed her vehicle on the roadway "without taking proper precautions" in violation of Vehicle and Traffic Law § 1211(a) (Bukharetsky v Court St. Off. Supplies, Inc., 82 AD3d 812, 813; see Shanyou Liu v Joerg, 223 AD3d at 763). In opposition, the defendant failed to raise a triable issue of fact. "The defendant did not submit an affidavit describing the events surrounding the accident which rebutted the version of events presented in the plaintiff's affidavit" (Sapienza v Harrison, 191 AD3d 1028, 1030). Further, "[c]ontrary to the defendant['s] contention, the [Supreme Court] properly declined to consider a particular uncertified police accident report in determining the motion as it would have provided the sole basis for denying summary judgment" (Frankel v Jaroslawicz, 225 AD3d at 744, citing Pena v KST Trucking, Inc., 206 AD3d 1007, 1008). Accordingly, the court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
However, as the defendant correctly contends, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence (see Shanyou Liu v Joerg, 223 AD3d at 764). "With few exceptions . . . , a person riding a bicycle on a roadway is entitled to all of the rights and bears all of the responsibilities of a driver of a motor vehicle" (Palma v Sherman, 55 AD3d 891, 891, citing Vehicle and Traffic Law § 1231). Therefore, "[a] bicyclist is required," inter alia, "to use reasonable care for his or her own safety, to keep a reasonably vigilant lookout for vehicles, and to avoid placing himself or herself in a dangerous position" (Palma v Sherman, 55 AD3d at 891). Here, the plaintiff's submissions failed to eliminate triable issues of fact, among other things, "regarding whether he saw what there was to be seen through the proper use of his senses, whether he had enough time to avoid the collision, and whether [the defendant's] violation of Vehicle and Traffic Law § [1211(a)] was the sole proximate cause of the accident" (Andrade-Fuentes v Iglesia Cristiana Valle De Jesus, Inc., 219 AD3d 1286, 1288 [citations omitted]; see Tucubal v National Express Tr. Corp., 209 AD3d 788, 789-790). "Accordingly, the court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant['s] affirmative defense[ ] alleging comparative negligence, without regard to the sufficiency of the defendant['s] opposition papers" (Andrade-Fuentes v Iglesia Cristiana Valle De Jesus, Inc., 219 AD3d at 1288-1289).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., MALTESE, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court