Torres v New York City Tr. Auth. (2025 NY Slip Op 04120)

Torres v New York City Tr. Auth.

2025 NY Slip Op 04120

Decided on July 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-12379
 (Index No. 526074/19)

[*1]Luis Torres, appellant, 
v
New York City Transit Authority, et al., respondents.

Napoli Shkolnik, PLLC, New York, NY (Stephen J. Maloney, Jr., of counsel), for appellant.
Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated November 6, 2023. The order denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
In November 2018, a vehicle operated by the plaintiff was struck in the rear by a bus operated by the defendant Rodney Hamlin and owned by the defendant New York City Transit Authority (hereinafter the NYCTA). The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendants. In January 2023, the plaintiff moved for summary judgment on the issue of liability. The defendants opposed the motion. In an order dated November 6, 2023, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant[s] breached a duty owed to the plaintiff and that the defendant[s'] negligence was a proximate cause of the alleged injuries'" (Quinones v Grace Indus., LLC, 219 AD3d 765, 765, quoting Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Sanders v Sangemino, 185 AD3d 617, 618). "A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (Clements v Giatas, 178 AD3d 894, 894; see Balanta v Guo Lin Wu, 220 AD3d 720, 721). "'A nonnegligent explanation may include evidence of a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement, or any other reasonable cause'" (Grant v Carrasco, 165 AD3d 631, 632, quoting Ortiz v Hub Track Rental Corp., 82 AD3d 725, 726; see Orcel v Haber, 140 AD3d 937, 938).
Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability. In support of his motion, the plaintiff submitted, inter alia, a transcript of his deposition testimony and an incident report of the NYCTA, as well as a transcript of Hamlin's deposition testimony. These submissions presented a triable issue of fact as to whether the defendants had a nonnegligent explanation for striking the rear of the plaintiff's vehicle (see [*2]Moluh v Vord, 143 AD3d 680, 681; Hudgins-Russell v Sharma, 116 AD3d 1004, 1005).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court