Shakir v City of New York (2026 NY Slip Op 00931)

Shakir v City of New York

2026 NY Slip Op 00931

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-05542
 (Index No. 718818/18)

[*1]John Shakir, appellant, 
vCity of New York, et al., respondents, et al., defendant.

Salenger Sack Kimmel & Bavaro, LLP, Woodbury, NY (Beth S. Gereg of counsel), for appellant.
Steven Banks, Corporation Counsel, New York, NY (Claude S. Platton, Philip W. Young, and Pauline Esman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered May 13, 2024. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants City of New York and Timothy Hoehmann.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In September 2017, the plaintiff allegedly sustained injuries while crossing at an intersection on his bicycle when he collided with a marked police vehicle operated by the defendant Timothy Hoehmann. The plaintiff commenced this action against the defendant City of New York and Hoehmann, and another defendant, to recover damages for personal injuries. The defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against the City and Hoehmann. In an order entered May 13, 2024, the Supreme Court, among other things, granted those branches of the motion. The plaintiff appeals.
"'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (A.B. v Waring, 219 AD3d 1291, 1292, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). Drivers with the right-of-way are entitled to assume that other drivers will obey the traffic laws, but bear a duty to avoid colliding with other vehicles (see Nesbitt v Gallant, 149 AD3d 763, 763-764; Twizer v Lavi, 140 AD3d 736, 737). However, "[a] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (A.B. v Waring, 219 AD3d at 1292 [internal quotation marks omitted]; see Jeong Sook Lee-Son v Doe, 170 AD3d 973, 974).
"Vehicle and Traffic Law § 1143 provides that the driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed" (Woodham v New York City Transp. Auth., 231 AD3d 1096, 1097 [internal quotation marks omitted]). Vehicle and Traffic Law § 1231 [*2]provides that every person riding a bicycle upon a roadway "shall be subject to all of the duties applicable to the driver of a vehicle by this title" (see A.B. v Waring, 219 AD3d at 1292).
Here, the defendants established, prima facie, that the plaintiff entered the intersection from a sidewalk without yielding the right-of-way to Hoehmann's vehicle and that the plaintiff's negligence was the sole proximate cause of the accident. The defendants' submissions, which included, inter alia, a transcript of the plaintiff's testimony at a hearing pursuant to General Municipal Law § 50-h and transcripts of the deposition testimony of Hoehmann and nonparty witnesses, established that Hoehmann was driving at a rate of 20 to25 miles per hour, that Hoehmann entered the intersection with a green light, that Hoehmann maintained a proper lookout as he entered the intersection, and that Hoehmann had only seconds to react before the plaintiff collided with the driver's side of Hoehmann's vehicle. Thus, the defendants demonstrated that Hoehmann was not negligent for failing to avoid the collision with the plaintiff (see A.B. v Waring, 219 AD3d at 1292; Dominguez v Algieri, 208 AD3d 753, 755). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court