Hosan v Patel

2026 NY Slip Op 02396

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Moh Hosan, appellant,

v

Parth N. Patel, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2025-05305, (Index No. 501494/23)

Francesca E. Connolly, J.P.

Valerie Brathwaite Nelson

Barry E. Warhit

Lourdes M. Ventura, JJ.

Bornstein & Emanuel, P.C., Garden City, NY (Shane Bornstein of counsel), for appellant.

Russo & Gould, LLP, New York, NY (John Komar, Nima Baratzadeh, and Trishé Hynes of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated March 27, 2025. The order denied the plaintiff's motion for summary judgment on the issue of liability and pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defense alleging comparative negligence.

ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; so as modified, the order is affirmed, without costs or disbursements.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when an electric bicycle he was riding collided with a vehicle operated by the defendant Parth N. Patel (hereinafter the defendant driver) and owned by the defendant Admiral Plumbing Co. at or near the intersection of Evergreen Avenue and Halsey Avenue in Brooklyn. The plaintiff and the defendant driver were traveling in the same direction on Evergreen Avenue, with the plaintiff in a bicycle lane to the left of the defendants' vehicle, when the plaintiff's electric bicycle collided with the defendants' vehicle as the defendant driver was attempting to turn left at the intersection. The plaintiff moved for summary judgment on the issue of liability and pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defense alleging comparative negligence. In an order dated March 27, 2025, the Supreme Court denied the motion. The plaintiff appeals.

"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Moustakas v Giardina, 241 AD3d 912, 913). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d 312, 324-325).

"A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Jaipaulsingh v Umana, 208 AD3d 765, 766). "In general, a motorist is required to keep a reasonably vigilant lookout for bicyclists, to sound the vehicle's horn when a reasonably prudent person would do so in order to warn a bicyclist of danger, and to operate the vehicle with reasonable care to avoid colliding with anyone on the road" (Palma v Sherman, 55 AD3d 891, 891; see Vehicle and Traffic Law § 1146[a]). A vehicle with the right-of-way is entitled to anticipate that others will obey the traffic laws (see Thoresz v Vallone, 70 AD3d 1031, 1031-1032). A driver has a "common-law duty to see that which he [or she] should have seen through the proper use of his [or her] senses" (Lieb v Jacobson, 202 AD3d 1072, 1073).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability. In support of his motion, the plaintiff submitted, inter alia, transcripts of the deposition testimony of the plaintiff and the defendant driver. While there were some discrepancies between the plaintiff's account of the accident and the defendant driver's account of the accident, even under the defendant driver's account of the accident, the defendant driver was negligent in attempting to make a left turn when the turn could not be made with reasonable safety (see Vehicle and Traffic Law § 1146[a]; Kruter v United Parcel Serv. Gen. Servs. Co., 210 AD3d 671, 672; Jaipaulsingh v Umana, 208 AD3d at 766; Jung v Glover, 169 AD3d 782, 783). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

However, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 3211(b) to dismiss the defendants' affirmative defense alleging comparative negligence. "CPLR 3211(b) authorizes a plaintiff to move, at any time, to dismiss a defendant's affirmative defense on the ground that it has no merit" (Muniz v SPO Rest., LLC, 227 AD3d 1002, 1004 [internal quotation marks omitted]). "Thus, when moving to dismiss or strike an affirmative defense, the plaintiff bears the burden of demonstrating that the affirmative defense is 'without merit as a matter of law'" (Greco v Christoffersen, 70 AD3d 769, 711, quoting Vita v New York Waste Servs., LLC, 34 AD3d 559, 559; see Muniz v SPO Rest., LLC, 227 AD3d at 1004). Here, the plaintiff failed to establish that the defendants' affirmative defense alleging comparative negligence was without merit as a matter of law (see Bornsztejn v Zito, 221 AD3d 770, 772; Kirby v Davis, 208 AD3d 1171, 1173).

CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court